## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH CINTRON, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC and ARAMARK SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Aramark Sports and Entertainment Services, LLC and Aramark Services, Inc., by their undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove to the United States District Court for the Northern District of Illinois, Eastern Division, the action captioned *Joseph Cintron v. Aramark Sports and Entertainment Services, LLC, et al.*, which is currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, as Case No. 2017-CH-14821. This putative class action is subject to this Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) because minimal diversity exists and the amount in controversy exceeds $5,000,000.

## Background

1.      On November 7, 2017, Plaintiff Joseph Cintron ("Plaintiff") filed a putative Class Action Complaint against Aramark Sports and Entertainment Services, LLC and Aramark Services, Inc. (collectively "Defendants") alleging that Defendants have violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*., by using a biometric time-keeping

system which required Plaintiff and other hourly paid employees to clock in and out of each shift by scanning their fingerprints in the time-keeping system. (Compl. ¶¶ 6-7, 26.) (A copy of the Complaint and Summonses served on Defendants are attached hereto as **Exhibit A**.)

2.        Specifically, the Complaint alleges that "Defendants collected, stored, used, and transferred the unique biometric fingerprint identifiers of Plaintiff and others similarly situated without following the strictures of the [BIPA]" and "compromised the privacy and security of the biometric identifiers of Plaintiff and others similarly situated." (*Id.* ¶¶ 14-15.)

3.        According to the Complaint, "Defendants' violations of the [BIPA] were ***reckless*** or, in the alternative, negligent." (*Id*. ¶ 54 (emphasis added).)

4.        Plaintiff seeks to bring this action on behalf of a class defined as "current and former hourly paid employees of Defendants who were required to clock in and out with their fingerprints through Defendants' biometric time-keeping system during the statute of limitations period ('the Class')." (*Id*. ¶ 32.)

5.        Under the BIPA, a plaintiff may sue a private entity for statutory violations in state court or as a supplemental claim in federal court. 740 ILCS 14/20. The law authorizes a prevailing party to recover liquidated damages of $1,000 or actual damages, whichever is greater, for negligent violations of the act. 740 ILCS 14/20(1). The law authorizes a prevailing party to recover liquidated damages of $5,000 or actual damages, whichever is greater, for intentional or reckless violations of the act. 740 ILCS 14/20(2). The BIPA also authorizes recovery of an injunction for a prevailing party as well as reasonable attorneys' fees and costs. 740 ILCS 14/20(3)-(4).

6.        Plaintiff's Complaint seeks: (1) liquidated monetary damages to Plaintiff and the Class for each violation of the BIPA pursuant to 740 ILCS 14/20(1)-(2); (2) injunctive relief

pursuant to 740 ILCS 14/20(4); (3) reasonable attorneys' fees and costs pursuant to 740 ILCS 14/20(3); and (4) other and further relief as the Court deems appropriate pursuant to 740 ILCS 14/20(4). (Compl. at p. 8.)

### Basis for Subject-Matter Jurisdiction

7.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d). CAFA amended 28 U.S.C. § 1332 to grant United States district courts original jurisdiction over "any civil action:" (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (b) which is a "class action" in which, among other things, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

8.      "The language and structure of CAFA . . . indicate that Congress contemplated broad federal court jurisdiction with only narrow exceptions." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 621 (7th Cir. 2012) (quotation marks and citation omitted).

9.      This case meets all the requirements for jurisdiction under CAFA and 28 U.S.C. § 1332(d)(2).

### A.      This Matter is a "Class Action" Under CAFA.

10.      A "class action" for purposes of CAFA is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

11.      Plaintiff's Complaint purports to allege claims on behalf of a "class" of "current and former hourly paid employees of Defendants who were required to clock in and out with their fingerprints through Defendants' biometric time-keeping system during the statute of limitations period ('the Class')." (Compl. ¶ 32.) Therefore, this action is properly considered a "class action"

3

under CAFA.

**B.      The Minimal Diversity Requirement is Met.**

12.      Minimal diversity exists.  Plaintiff is a citizen of the State of Illinois because he is "domiciled in Cook County, Illinois."  (*Id.* ¶ 18.)

13.      A corporation is "a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

14.      Defendants are "Delaware corporations"[1] with their "principal places of business . . . located at 1101 Market Street, Philadelphia, PA 19107."  (*Id.* ¶¶ 19-20; *see also* Decl. of Lilly Dorsa, attached hereto as **Exhibit B**, ¶¶ 2-3 and 5; *see also* Delaware Secretary of State's confirmations of incorporation, attached hereto as **Exhibit C** and **Exhibit D**.)

15.      As a result, Defendants are not citizens of Illinois for purposes of determining diversity of citizenship.  Therefore, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).  *See e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity existed such that court had CAFA jurisdiction when the class representatives were citizens of Illinois and the defendant was a Delaware corporation with its principal place of business in Arizona).

**C.      The "Matter in Controversy" Aggregated Across All of the Class Members' Claims Meets the CAFA Threshold.**

16.      The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy in class actions, CAFA expressly requires

---

[1] Defendant Aramark Sports and Entertainment Services, LLC is a Delaware limited liability corporation. An LLC is a citizen of every state in which a member resides.  *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).  No Illinois residents are members of the LLC.  (*See* Decl. of Lilly Dorsa, **Exhibit B**, ¶ 4.)  Thus, the minimal diversity requirement under CAFA is met.

that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

17.     Defendants' burden to demonstrate the amount in controversy is low and need show only that there is "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005).

18.     Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (citation omitted).

19.     The Seventh Circuit has specifically "acknowledged the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Id*.  Accordingly, "[t]he party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id*. (citation omitted).  Thus, the burden "is a pleading requirement, not a demand for proof." *Id*. (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

20.     "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* at 764 (citations omitted).

21.     Defendants deny the validity and merit of all of Plaintiff's alleged claims, the legal theories upon which they are based, and the alleged claims for monetary and other relief.  For purposes of removal, however, and without conceding that Plaintiff or the putative class are entitled to damages or penalties, it is readily apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy well exceeds the jurisdictional minimum of $5,000,000.

5

22.     Specifically, Plaintiff's Complaint alleges that he worked for Defendant Aramark Sports and Entertainment Services, LLC from approximately 2013 through September 2015, that he worked for Defendant Aramark Services, Inc. from approximately April 2016 through September 2016, and that "[a]s a condition of employment, Defendants required Plaintiff and others similarly situated to use a biometric time-keeping system to record their time worked." (Compl. ¶¶ 4-6.)

23.     Plaintiff further alleges that "[e]ach Defendant employed *more than 500 persons* in the Class" (*id*. ¶ 34 (emphasis added)) and that "Defendants' violations of the [BIPA] were *reckless* or, in the alternative, negligent." (*Id*. ¶ 54 (emphasis added).)

24.     Assuming that each of the more than 1,000 persons in the class (over 500 persons per defendant) used the biometric time-keeping system on even a single occasion to clock in to their work shift during the statute of limitations period and it violated the BIPA each time, the class recovery for the Class defined in Plaintiff's Complaint for reckless violations of the BIPA would be more than $5,000,000 (1,000 individuals times 1 fingerprint scan per employee times $5,000 in liquidated damages under 740 ILCS 14/20(2)).   In addition, Plaintiff's Complaint demands attorney's fees and an injunction in addition to damages.   Therefore, the matter in controversy threshold under 28 U.S.C. § 1332(d)(2) is easily met based on Plaintiff's allegations.

### Procedure for Removal

25.     Defendants were served with the Summons and Complaint on November 9, 2017. (*See* **Exhibit A**.)   This Notice of Removal is timely because it is being filed within 30 days of Defendants' receipt of the Summons and Complaint, and within one year of the commencement of this action.   28 U.S.C. § 1446(b)-(c); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that the time for filing a notice of removal does not run until a

party has been served with the summons and complaint under the applicable state law).

26.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice

of removal of this action to Plaintiff, and will promptly file a copy of this Notice of Removal with

the Clerk of the Circuit Court of Cook County, Illinois.

Dated:  December 8, 2017                                   Respectfully submitted,

                                                 ARAMARK SPORTS AND
                                                 ENTERTAINMENT SERVICES, LLC and
                                                 ARAMARK SERVICES, INC.

                                                 By: /s/ Elizabeth B. Herrington
                                                          Elizabeth B. Herrington
                                                          Megan R. Braden
                                                          Tyler Z. Zmick
                                                          Morgan, Lewis & Bockius LLP
                                                          77 West Wacker Dr.
                                                          Chicago, IL 60601-5094
                                                          Tel. 312.324.1445
                                                          Fax 312.324.1001
                                                          Beth.Herrington@morganlewis.com
                                                          Megan.Braden@morganlewis.com
                                                          Tyler.Zmick@morganlewis.com

                                                          *Attorneys for Defendants Aramark*
                                                          *Sports and Entertainment Services,*
                                                          *LLC and Aramark Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth B. Herrington, an attorney, hereby certify that on this 8th day of December, 2017, I caused a true and correct copy of the foregoing **Notice of Removal** to be filed through the Court's CM/ECF System, and served via First Class U.S. Mail on counsel of record in *Joseph Cintron v. Aramark Sports and Entertainment Services, LLC, et al.*, Case No. 2017-CH-14821, in the Circuit Court of Cook County, addressed as follows:

> Douglas M. Werman (dwerman@flsalaw.com)
> Maureen A. Salas (msalas@flsalaw.com)
> Werman Salas P.C.
> 77 West Washington, Suite 1402
> Chicago, Illinois 60602

/s/ Elizabeth B. Herrington
Elizabeth B. Herrington