# EXHIBIT A



**Service of Process Transmittal**
11/09/2017
CT Log Number 532274201

**TO:** Charles J Reitmeyer, Vice President & Assoc. General Counsel
Aramark
1101 Market St Ste 600, 29th FL
Philadelphia, PA 19107-2906

**RE:** Process Served in Illinois

**FOR:** ARAMARK Sports and Entertainment Services, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joseph Cintron, Pltf. vs. Aramark Sports & Entertainment Services, LLC and Aramark Services, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | COOK COUNTY- CIRCIJIT COURT, IL<br>Case # 2017CH14821 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/09/2017 at 11:00 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Douglas M. Werman<br>Werman Salas P.C.<br>77 West Washington, Suite 1402<br>Chicago, IL 60602<br>312-419-1008 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/09/2017, Expected Purge Date: 11/14/2017<br><br>Image SOP<br><br>Email Notification, Charles J Reitmeyer  reitmeyer-charles@aramark.com<br><br>Email Notification, Callalily Norcum  Norcum-Callalily@aramark.com<br><br>Email Notification, Denise Bolc  Bolc-denise@aramark.com<br><br>Email Notification, Amy Golembo  Golembo-Amy@aramark.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of 1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Case: 1:17-cv-08845 Document #: 1-1 Filed: 12/08/17 Page 3 of 12 PageID #:11

 **CT Corporation**

**Service of Process Transmittal**
11/09/2017
CT Log Number 532273277

TO: Charles J Reitmeyer, Vice President & Assoc. General Counsel
Aramark
1101 Market St Ste 600, 29th FL
Philadelphia, PA 19107-2906

RE: **Process Served in Illinois**

FOR: Aramark Services, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joseph Cintron, etc., Pltf. vs. ARAMARK Sports and Entertainment Services, LLC and ARAMARK Services, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Chancery Division, IL<br>Case # 2017CH14821 |
| **NATURE OF ACTION:** | Class Action - Failing to adhere to the requirements of the Biometric Information Privacy Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/09/2017 at 11:00 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Douglas M. Werman<br>Werman Salas P.C.<br>77 West Washington, Suite 1402<br>Chicago, IL 60602<br>312-419-1008 |
| **REMARKS:** | Please note: Transmittal has been edited to correct entity selection and nature of action. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/09/2017, Expected Purge Date: 11/14/2017<br><br>Image SOP<br><br>Email Notification, Charles J Reitmeyer reitmeyer-charles@aramark.com<br>Email Notification, Callalily Norcum Norcum-Callalily@aramark.com<br>Email Notification, Denise Bolc Bolc-denise@aramark.com<br>Email Notification, Amy Golembo Golembo-Amy@aramark.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| JOSEPH CINTRON, on behalf of himself and all other persons similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC and ARAMARK SERVICES, INC., <br><br> Defendants. | Case No. 2017CH14821 <br> CALENDAR/ROOM 07 <br> TIME 00:00 <br> Judge  Class Action <br><br> JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Joseph Cintron ("Plaintiff"), through his attorneys, on behalf of himself and all other persons similarly situated, known and unknown, for his Class Action Complaint against Aramark Sports and Entertainment Services, LLC ("Aramark Sports") and Aramark Services, Inc., ("Defendants"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.

2. Defendant Aramark Sports provides food services for Soldier Field in Chicago and other sporting and entertainment venues in Illinois.

3. Defendant Aramark Services, Inc., provides food services for BMO Harris Bank's headquarters in Chicago and other businesses in Illinois.

4. Plaintiff worked as a grill cook for Aramark Sports at Soldier Field in Chicago from approximately 2013 through September 2015.

1

5. Plaintiff worked as a grill cook for Aramark Services, Inc., at BMO Harris Bank's headquarters in Chicago from approximately April 2016 through September 2016.

6. As a condition of employment, Defendants required Plaintiff and others similarly situated to use a biometric time-keeping system to record their time worked.

7. Here's what that means: Defendants required Plaintiff and others similarly situated to clock in and out of their work shifts by scanning their fingerprints in Defendants' time-keeping system.

8. Unlike an employee identification card or number, fingerprints are *unique* and *permanent* identifiers.

9. By requiring employees to use their fingerprints, instead of identification badges or numbers, Defendants ensured that one employee cannot clock in for another.

10. Thus, there's no question that Defendants benefited from using a biometric time-keeping system.

11. But there's equally no question that Defendants placed employees at risk by using their biometric identifiers to "punch the clock."

12. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

13. Accordingly, Illinois restricted private entities, like Defendants, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

14. Defendants collected, stored, used, and transferred the unique biometric fingerprint

2

identifiers of Plaintiff and others similarly situated without following the strictures of the Biometric Information Privacy Act.

15. As a result, Defendants violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers of Plaintiff and others similarly situated.

**JURISDICTION AND VENUE**

16. This Court has jurisdiction over Defendants under 735 ILCS 5/2-209 because Defendants do business in Illinois, are registered to do business in Illinois, and committed the statutory violations alleged in this Class Action Complaint in Illinois.

17. Cook County is a suitable venue for this litigation because Defendants have places of business in Cook County, do business here, and committed the statutory violations alleged in this Class Action Complaint in Cook County and throughout Illinois.

**THE PARTIES**

18. Plaintiff is domiciled in Cook County, Illinois.

19. Defendants are Delaware corporations.

20. Defendants' principal places of business are located at 1101 Market Street, Philadelphia, PA 19107.

**REQUIREMENTS OF THE BIOMETRIC PRIVACY INFORMATION ACT**

21. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulating on the collection, use, safeguarding, handling, storage retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

22. The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless the private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

23. Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1).

24. In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a)

25. Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

26. During the statute of limitations period, Defendants required Plaintiff and other hourly paid employees to clock in and out of each shift by scanning their fingerprints in

4

Defendants' time-keeping system.

27. When Plaintiff scanned his fingerprints in Defendants' time-keeping system, those fingerprints were disseminated and disclosed to the provider of the time-keeping system.

28. Defendants never provided Plaintiff any written materials about their collection, retention, destruction, use, or dissemination of Plaintiff's fingerprints.

29. Defendants never obtained Plaintiff's written consent, or release as a condition of employment, before collecting, storing, disseminating, or using Plaintiff's fingerprints.

30. Defendants violated Plaintiff's privacy by capturing or collecting his biometric identifiers and information without his consent.

31. Defendants diminished the value of Plaintiff's biometric identifiers and information by storing them without publishing data retention and destruction policies required by the Biometric Information Privacy Act.

**CLASS ACTION ALLEGATIONS**

32. Plaintiff and the proposed class are current and former hourly paid employees of Defendants who were required to clock in and out with their fingerprints through Defendants' biometric time-keeping system during the statute of limitations period ("the Class").

33. Plaintiff and the Class are similarly situated to one another because they were all subject to the same allegedly illegal practice: being required to clock in and out of their shifts with their fingerprints despite Defendants failing to adhere to the requirements of the Biometric Information Privacy Act.

34. Each Defendant employed more than 500 persons in the Class.

35. The Class is so numerous that joinder of all class members is impracticable.

5

36. The issues involved in this lawsuit present common questions of law and fact, including: whether Defendants required the Class to use their fingerprints to clock in and out of shifts; whether the Class's fingerprints qualify as "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendants complied with the procedures of the Biometric Information Privacy Act.

37. These common questions of law and fact predominate over the variations that may exist between members of the Class, if any.

38. Plaintiff, the members of the Class, and Defendants have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

39. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendants.

40. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

41. The books and records of Defendants are material to Plaintiff's case as they disclose how and when Plaintiff and the Class clocked in and out of Defendants' biometric time-keeping system and what information Defendants provided Plaintiff and the Class about their collection, retention, use, and dissemination of their biometric identifiers and information.

42. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

43. Plaintiff retained counsel experienced in complex class action litigation.

## COUNT I
### Violation of the Biometric Information Privacy Act
### (Class Action)

44. Plaintiff realleges and incorporates the previous allegations of this Complaint, as if fully set forth herein.

45. Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

46. Plaintiff's and the Class's fingerprints, scan of fingers, and/or geometric representation of fingerprints each qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

47. Defendants have "biometric information" from Plaintiff and the Class based on Defendants' acquisition and retention of Plaintiff's and the Class's "biometric identifier[s]," as defined in the previous paragraph.

48. Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's biometric identifiers and information without first informing them in writing that Defendants were doing so.

49. Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's biometric identifiers and information without first informing them in writing of the purpose of Defendants doing so and the length of time Defendants would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

50. Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's biometric identifiers and information without first obtaining their written consent or other release authorizing Defendants to capture or collect Plaintiff's and

7

the Class's biometric identifiers and information.

51. Defendants violated the Biometric Information Privacy Act by possessing Plaintiff and the Class's biometric identifiers and information without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for their possession of biometric identifiers and information.

52. Defendants violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff's and the Class's biometric identifiers and information of fingers to their time-keeping system provider without first obtaining Plaintiff's and the Class's consent for that disclosure or dissemination.

53. Defendants knew or should have known of the requirements of the Biometric Information Privacy Act.

54. As a result, Defendants' violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A. Awarding liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Respectfully submitted,

Dated: November 7, 2017

_____
One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Werman Salas P.C. (#42031)
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff and the Class

9